Good morning, Counsel. Good morning, Your Honor. Gary Finn for the Petitioner Appellant, Jose Luis Galvan-Avila. My client, Mr. Galvan, is here today observing the argument. Your Honors, back in 1994, my client was placed into removal proceedings. At that time they were called deportation proceedings, actually, and he was absolutely eligible to apply for Section 212C relief at that time. The immigration judge gave my client, who was in detention, not represented at the time, an absolutely incorrect statement of the law and told my client that he had no chance for relief. The immigration judge told my client in 1994, Are you familiar with an unbunked case from a few years back called U.S. v. Lopez Velazquez? I'm not. From our court? No, Your Honor, I'm not. Because that seems to squarely foreclose your argument on his eligibility for 212C relief. I have trouble, well, I don't want to question what you're telling me, really, but at the time, that case may have been interpreting other sections of the law, but at the time, back in 1994, a person could continue to accrue time for eligibility. What a person, an immigrant, needed in order to qualify for 212C relief back before the law changed, before 212C was eliminated, was seven years of lawful, unrelinquished domicile, not seven years with a green card. There was no stop time rule today in immigration law. But isn't your argument that the immigration judge had to tell him about this? Yes. Well, that's the part that the case precludes you. This is a case, it's worse than just an omission of an important fact. It's a misstatement. It's a, you know, a misadvisal of what the law was at the time. I've been practicing immigration law since before the laws changed in 1996, and with 212C waivers, a person could even appeal the case if they didn't have the seven years. A person could appeal the case, and the time towards the seven years of lawful, unrelinquished domicile would continue to accrue through the time of the appeal. Counsel, because you don't have a whole lot of time, let me just add my respect to your request to amend the 2241 habeas petition into a 2255 de Lopez Velasquez case, as my colleague suggested, completely forecloses that argument. But you do have two other potentially really good arguments, one of which has to do with the 212C motion and the question of whether the I.G. actually ruled on his 212C motion, and the BIA didn't address it. Under the Well, I think this Court should, looking at all the circumstances, the fact that at least at the time in 1994, and I apologize for not being familiar with this Lopez Velasquez case, I'll certainly look at it immediately after the argument today, but back in 1994, the petitioner, Mr. Gallan, would have been eligible for the relief. And I'm sorry, I don't know if I'm My question is this. Putting aside for a moment the request to amend the 2241 petition, there are two other avenues which I think are encompassed within your pleading, one of which is the original 20, I'm sorry, 212C motion, the I.G. did not rule on it, potentially. We're not sure. The record doesn't, it's not clear on that, but the BIA clearly didn't address it. Under the that, do we send it back to the BIA to consider the petition in the first instance? I think so, Your Honor. I think that would be the thing to do, because my client even attempted to file a motion to reopen it. It's in the transcript of the hearing, and it didn't, for some reason, it didn't make it into the record. He was unrepresented. He tried to file it with the Immigration Court. He was detained, and for some reason... So you think we had to send that back for the BIA to consider it? Yes. Moving to the second issue, what about Barajas Romero? What impact does that have on your case? I'm not, I don't know that one either. We need to get you some new legal materials. I think so, yeah. Anyway, that's a case that changed the definition of what needs to be shown when you have a membership in a to was a reason. Okay, so, Your Honor, now you're talking about the withholding of removal. Exactly. I'm just moving to the next issue. Okay. Because you don't have a lot of time. Yeah, all right. Well, I think that the record has plenty of evidence to show that the persecution that the respondent fears in Mexico, one central reason for that is an imputed political opinion. Okay, but remember what we're talking about here. Barajas Romero changes, so it is no longer one central reason. It's just a reason, which makes it easier for your client. Right. So what do we do with that? Well, I mean, I think that the record has enough evidence for the court to remand the case to the BIA with instructions that the application for withholding of removal be granted, or at least considered under the new standard. How can we do that when they haven't evaluated it under the correct standard in the first instance? Okay, I agree. They would have to do that. You're correct, Your Honor. It could be remanded for the BIA to review the case under the proper standard. That would be the thing to do. But I'd like to point out, and then I'll save some time for rebuttal, my client, since he was, and I would argue, unlawfully deported back in 1994, the reinstatement of removal and the subsequent proceeding that he's in right now are all tainted by that original deportation, which I would argue was not lawfully executed. And so I think that the proper, you know, I would be, we would be, you know, content if the case was remanded to look at the withholding of removal case, but I think that what should really happen is that the case should be remanded so that the court, as Your Honor suggested, the BIA should consider the motion to reopen the 1994 deportation. So that's what I think should happen first, and I'll reserve the rest of my time for rebuttal. Is that all right? Yeah, no, that's fine. You're going to save the rest of your time for now. We'll hear from the government. Good morning. May it please the Court, Kyle Ryan for the United States. I'll just address the 212C issue first. The reason the immigration judge did not consider the 212C issue in 2013 is because the defendant had previously been deported, and he was in withholding-only proceedings. I can almost not hear you. Can you talk up just a little? He was in withholding-only proceedings. These are the type of proceedings where the immigration judge can only consider withholding of removal under the Act and protection under the Convention Against Torture. So when the defendant tried to raise the 212C issue in those proceedings, the immigration judge properly informed him that the correct action was to file a motion to reopen. But the immigration judge, if I understand the record correctly, counsel, did not rule on the 212C motion. Even if he said it wasn't correct, he didn't rule on it, right? The BIA didn't consider it. Correct, because it was not before the immigration judge in the withholding-only proceedings. The immigration judge did issue some sort of an advisory if these were before the court that they were not valid due process claims. But because they were not actually before the immigration judge in that withholding-only proceeding, the BIA did not address them. Because it's reinstatement, he can't take up that issue anyway. That's correct. It's a withholding-only proceeding because they were reinstating a prior removal. The defendant did eventually file a motion to reopen, which the immigration judge denied. That's not part of the record here. It is referenced in the record. The defendant did not appeal that denial of the motion to reopen to the Board of Immigration Appeals, yet he did include it in his opening brief to this Court. It's not properly before the court. But even if it was, the defendant's not eligible for 212C relief. And he became to be eligible for 212C relief. You have to have seven years of lawful domicile in the United States as either a lawful temporary resident under Section 245A or a lawful permanent resident. Let me be sure I understand the government's argument on 212C. You're saying that while nothing happened at this particular time, the 212C motion was later on brought before the IJ. It was denied, and he didn't appeal it. Is that right? Correct. That's correct, Your Honor. And so that's not before the record, and we need not be concerned about the 212C issues. That's your position, right? That's correct, Your Honor. Okay. He was not eligible at the time because he became a lawful temporary resident in September 1987, and he was deported in January 1994. He didn't have the seven years at that time. So he wasn't eligible for 212C. We understand that. Now, what's your position about Barajas Romero? Right. That standard has changed and might make a difference in this case, would it not? The standard has changed, but I don't think it makes a difference. There is no evidence of a nexus in this case to a particular social group. The particular social group that was articulated in this case is extremely vague and ambiguous. It's the defendant's wife's family. At some point, they even include a brother-in-law's sister-in-law in this group. This is not a particular social group. It doesn't meet the requirements for particularity and social distinction. The immigration judge didn't actually address that point. She basically said that even assuming this was a particular social group, there's no evidence that the defendant or anyone else was harmed or targeted on account of their membership in that group. And that's one of the problems with our court. Well, but what do we do with the fact that the BIA's analysis relied on the one central reason test, which Barajas Romero now says is not the right test? Isn't the appropriate solution to remand it for them to reanalyze it under the correct test, present a record, and then we'll take a look at what they say about a particular social group? I think looking at the evidence in the record, it's clear that it wasn't one central reason. It wasn't one reason for the harm. No one knows the reason why these people were targeted. Mexico and Tijuana are violent places. The case law is clear that generalized violence does not create a nexus to a particular social group. So I gather what the government is advocating is that our court, as opposed to the BIA or an IJ, should apply the new standard under Barajas Romero to the facts in the record. Is that correct? That's one way the court could go about it. The immigration judge denied it on several bases, so I think that you could deny it. You could affirm the Board of Immigration Appeals on the nexus ground. You could affirm on the fact that the defendant was able to relocate within Mexico. We could affirm on the basis that he's able to relocate within Mexico. How do we know that? Were there findings in the record that suggested that would have been possible and he could have avoided harm? Yes, Your Honor. All of the harm that was cited by the defendant in testimony and the other evidence was related to Tijuana. Tijuana is one city in Mexico. It's a big country. The defendant could relocate to another area within Mexico. I understand that, but I guess my question is did the IJ make a determination that because the petitioner is from Tijuana that he could go to some other place, a cruiser or some other place, and he'd be safe? Yes, she did say that he could relocate within Mexico and it would be reasonable to do so in this case. If the court would like me to address the relation back issue or anything else, I can move on to that. Any questions by my colleagues? I don't think we do have any. Okay. The government's met, sir. Thank you. Very well. Counsel, you have some rebuttal time. I'd like to address a little bit the relation back issue, actually, because when my client originally filed his- Before you do that, you heard what we said about Lopez Velazquez. The issue you want to talk about is foreclosed by that case. So relating back is kind of irrelevant. You can talk about it if you want to, but that's not going to help you. Okay. Would I be able to maybe have a post-argument brief and address that case, the Lopez Velazquez case? I don't know that it applies to my client's eligibility for 212C in 1994. That's not our normal practice. We can read the case, and unless my colleagues want that, I think we will respectfully decline your offer. Okay. Well, at least with respect, then, to the relation back issue, the-I'm talking about the 1326 prosecution that my client in his petition alleged ineffective assistance of counsel. Actually, his defense attorney helped him fill out the form for the petition and selected to file under 2241, which turned out to be incorrect also. But if you look at ground three, and this is in my opening brief in case number 13-56205, the petition for-the original petition for habeas corpus is attached. And on ground three, the petitioner, Mr. Galvan, who was then in pro per, addresses the issue of the prior deportation order, which he alleges was flawed. And that is the issue that when Mr. Galvan amended the petition to be coming under 2255, that issue was raised. It was maybe raised a little bit inartfully, perhaps, but the 2255 petition relates back to that occurrence, the 1994 deportation order. And so the amended petition under 2255 should be accepted by-should have been accepted by the district court in the interest of justice, also because the argument raised in the 2255, the amendment relates back to an argument that was raised in the 2241 petition. Okay. Your time is up. We appreciate your argument for both counsel. The case just argued is submitted. Thank you very much. Thank you very much.
judges: Motz, M. Smith, Nguyen